<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

EUGENE MADDREY,                    :     Civil Action No. 09-216 (JAP)
                                   :
                                   :
              Plaintiff,           :
                                   :
          v.                       :     **OPINION**
                                   :
CORRECTIONAL MEDICAL SERVICES,:
et al.,                            :
                                   :
              Defendants.          :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Eugene Maddrey
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE  19977

**PISANO**, District Judge

      Plaintiff Eugene Maddrey ("Plaintiff"), a prisoner confined at the James T. Vaughn Correctional Center, Smyrna, Delaware, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

      At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   <u>BACKGROUND</u>

      The Complaint contains two claims:  denial of needed medical

treatment and an inadequate prison grievance procedure.  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on July 22, 2008, during a medical examination, he was diagnosed with a heart murmur and placed on a three-week waiting list to undergo an EKG.  (D.I. 2.)  Three weeks passed and, when Plaintiff had yet to undergo the EKG, he submitted a grievance.  He also submitted a sick call slip due to dizzy spells, shortness of breath, and difficulty staying awake, but Plaintiff did not receive a response.  He then submitted a second grievance.  During the hearing on the second grievance, Plaintiff was told the EKG would be performed on February 9, 2009, but it did not take place.  Because the first two grievances were not resolved, Plaintiff submitted a third grievance for abandonment of medical duties.

The claims are brought against Defendants in their individual and official capacities.  Plaintiff also requests counsel.  Finally, Plaintiff seeks injunctive relief and compensatory and punitive damages.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28

2

U.S.C. § 1915(e)(2) (<u>in</u> <u>forma</u> <u>pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dep't</u>, 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action pursuant to 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the

4

> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of

Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 119091 (3d Cir. 1995).

IV.   ANALYSIS

A.   Grievances

The James T. Vaughn Correctional Center Medical Grievance Committee is named as a Defendant and the Complaint contains allegations regarding the grievance procedure.  The filing or a prison grievance is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006) (not reported).  Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances.  Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004).  This is because inmates do not have a constitutionally protected right to prison grievance procedures.  Travillion v. Leon, 248 F. App'x 353, 356 (3d Cir. 2007) (citations omitted) (not published); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (not reported) (failure of prison officials to process administrative grievance did not amount to a constitutional violation).  Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights.  Burnside, 138 F. App'x at 417 (citations omitted).  Plaintiff cannot maintain his constitutional claims based upon his perception that his grievances were not properly

processed, investigated, or that the grievance process is inadequate. Therefore, the allegations of unconstitutional conduct relating to grievances filed will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

B.  Personal Involvement

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). The Complaint, as it is currently pled, makes no mention of any Defendant, except in the list of Defendants. As the Complaint now stands, Defendants could not form a proper response to the Complaint. Therefore, the Court will dismiss Plaintiff's medical needs claim without prejudice.[1]

C.  Request for Counsel

Plaintiff requests counsel in his prayer for relief. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v.

---

[1]First Correctional Medical is named as a Defendant. The Court takes judicial notice that First Correctional Medical was not the medical services provider on the dates alleged in the Complaint. It provided contract medical services to Delaware prisons from July 1, 2002 through June 30, 2005. Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D. Del. 2009).

<u>Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, representation by counsel may be appropriate under certain circumstances, if the Court finds that Plaintiff's claim has arguable merit in fact and law.  <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  <u>Tabron v. Grace</u>, 6 F.3d at 155-57; <u>accord</u> <u>Parham</u>, 126 F.3d at 457; <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time.  It is unclear whether Plaintiff's claim has arguable merit.  Moreover, Plaintiff appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.  More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time.  Therefore, the Court will deny without prejudice the

request for counsel.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's grievance claims are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Plaintiff's remaining medical needs claim, will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome certain deficiencies noted herein, the Court will grant Plaintiff leave to file an amended complaint.[2]

An appropriate order follows.


/S/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: June 24, 2009

---

[2]
Plaintiff should note that when an amended complaint is filed, the original Complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

```
EUGENE MADDREY,              :     Civil Action No. 09-216 (JAP)
                             :
                             :
               Plaintiff,    :
                             :
               v.            :     ORDER
                             :
CORRECTIONAL MEDICAL SERVICES,:
et al.,                      :
                             :
               Defendants.   :
```

For the reasons expressed in the Opinion filed herewith, IT IS on this 24th day of June, 2009,

ORDERED that all grievances claims are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and it is further

ORDERED that Plaintiff's remaining medical needs claim is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff may file an Amended Complaint addressing the deficiencies of his Complaint any time within 30 days from the date this Order is entered; and it is further

ORDERED that Plaintiff's failure to file an amended complaint within the time allowed, shall result in the case being closed; and it is finally

ORDERED that Plaintiff's request for counsel is DENIED without prejudice.

                              /s/ Joel A. Pisano
                              JOEL A. PISANO
                              United States District Judge